IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
AT KANSAS CITY

| | |
|---|---|
| MICHAEL CHESSCHER | ) |
| | ) |
| On Behalf of Himself and | ) |
| All Others Similarly Situated, | ) |
| | ) |
| Plaintiff; | ) |
| | ) |
| vs. | ) Case No. 19-cv-749 |
| | ) |
| PYRAMID EXCAVATION AND | ) |
| CONSTRUCTION, INC. | ) |
| | ) |
| Registered Agent: | ) |
| | ) |
| William A. Clark | ) |
| 11102 Hickman Mills Dr. | ) |
| Kansas City, MO 64134 | ) |
| Defendant. | ) |

**AMENDED COMPLAINT**
Collective Action Under the FLSA and Wage-Related
Class Claims Pursuant to Fed. R. Civ. P. 23

**COMES NOW** Michael Chesscher, on behalf of himself, and all others similarly situated, by and through counsel, and hereby sets forth his individual and representative claims for violation of the Fair Labor Standards Act under 29 U.S.C. §216(b) and his individual and representative wage-related class claims pursuant to Fed. R. Civ. P. 23, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action against Defendant Pyramid Excavation and Construction, Inc., (hereinafter "Pyramid" or "Defendant") for unpaid overtime compensation and related penalties and damages. Pyramid predominantly

provides construction services in the region, and across the country. Defendant's practice and policy is to willfully fail and refuse to properly pay straight time and overtime compensation due Plaintiff, and all other similarly situated employees, who work for Defendant.

2. Until February 2017, Defendant failed to pay Plaintiff for all hours worked. For example, if Plaintiff worked 43 hours in a workweek, Defendant would not pay Plaintiff for all of those hours. Instead, Defendant systematically and substantially reduced Plaintiff's hours for which he was compensated. Doing so denies such non-exempt employees compensation for all work performed and overtime pay and is in direct violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (FLSA) and gives rise to wage-related class claims pursuant to Fed. R. Civ. P. 23.

3. Defendant's practices are in direct violation of the FLSA and provide the basis for wage-related class claims pursuant to Fed. R. Civ. P. 23 and Plaintiff seeks compensation for work performed, overtime premiums for all overtime work required, suffered, or permitted by Defendant; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

4. Plaintiff Michael Chesscher currently resides in the state of Missouri. Plaintiff worked at Pyramid's place of business located in Kansas City, Missouri. Others similarly situated for the purposes of this collective and/or class action, also work and/or worked at Defendant's location in Missouri as non-exempt employees.

5. Plaintiff Chesscher was employed by the Defendant until approximately October of 2017. During this time frame, Mr. Chesscher performed work in the position of laborer.

6. Defendant is a Missouri Corporation, doing business in the State of Missouri and throughout the United States, with its principal place of business in Kansas City, Missouri.

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

8. The United States District Court for the Western District of Missouri has personal jurisdiction because Defendant conducts business within this District.

9. This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because these state claims are so related to the FLSA claims that they form part of the same case or controversy.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as the Defendant has offices, conducts business and can be found in the Western District of Missouri, and the cause of action set forth herein has arisen and occurred in part in the Western District of Missouri. Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendant has substantial business contacts within the Western District of Missouri.

11. At all relevant times, Defendant has been an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the

meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendant has employed "employee[s]," including the putative representative action plaintiff and those persons situated similarly to the Plaintiff as described herein. At all relevant times, Plaintiff and the other members of the class were engaged in commerce and/or worked for Defendant, which was an enterprise engaged in commerce. At all times relevant herein, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

## COLLECTIVE AND CLASS ALLEGATIONS

12. Plaintiff held the position of laborer.

13. Plaintiff and other similarly situated hourly non-exempt employees were required to perform work in excess of forty (40) hours per week as an integral and indispensable part of the principle activities of performing their jobs. Defendant failed and compensate employees for this time.

14. Such work and waiting time is integral and indispensable part of the principle activities of Plaintiff's job.

15. Said work caused Plaintiff to work in excess of forty (40) hours per week.

16. Plaintiff was not properly compensated for this work at the applicable rate of pay.

17. Upon information and belief, the Defendant employs/employed other employees situated similarly to the Plaintiff, who, like the Plaintiff, are/were required to perform work in excess of forty (40) hours per week, but were not paid for all of those hours at either straight time or overtime rates.

18. Plaintiff and the other similarly situated hourly non-exempt employees were improperly compensated under the FLSA, applicable state wage statutes, including

without limitation Mo. Rev. Stat. § 290.500, *et seq*, and common law. All such other employees are hereinafter referred to as the "similarly situated" or the "putative representative action plaintiffs" or "putative class members."

19. These "similarly situated" employees were not properly compensated for their work at the legal and proper rate of pay, including minimum wages as mandated by the FLSA and Missouri wage law.

20. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

21. All similarly situated employees working for Defendant are similarly situated in that they all are required to perform work in excess of forty (40) hours per week as an integral and indispensable part of the principle activities of performing their job, and were not paid for all their hours of work at straight time and/or overtime rates.

22. All similarly situated employees are similarly situated in that they are all subject to Defendant's same compensation policies and plan that requires these employees to perform work without compensation as an integral and indispensable part of the principle activities of performing their job. In turn, these practices deny similarly situated employees minimum wage and overtime compensation.

23. The quantum meruit claims are brought against Defendant under Rule 23 of the Federal Rules of Civil Procedure as a Missouri class action. The Class in said class action consists of all current and former hourly employees who were required to work without compensation. Plaintiff, on behalf of other similarly situated

employees, seeks relief on a class basis challenging Defendant's failure to pay the Class for all hours worked and overtime wages.

24. The unjust enrichment claims are brought against Defendant under Rule 23 of the Federal Rules of Civil Procedure as a nation-wide class action. The Class in said class action consists of all current and former hourly employees who were required to work without compensation. Plaintiff, on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendant's failure to pay the Class for all hours worked and overtime wages.

25. The Breach of Contract claims are brought against Defendant under Rule 23 of the Federal Rules of Civil Procedure as a nation-wide class action. The Class in said class action consists of all current and former hourly employees who were subject to a collective bargaining agreement with Defendant, and who were required to work without compensation. Plaintiff, on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendant's failure to pay the Class for all hours worked and overtime wages.

26. The Missouri Wage and Hour claims (Mo. Rev. Stat. § 290.500, *et seq.*) are brought against Defendant under Rule 23 of the Federal Rules of Civil Procedure as a Missouri state-wide class action consisting of all current and former hourly employees who were required to work without compensation. Plaintiff, on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendant's failure to pay the Class for all hours worked and overtime wages who have worked for Defendant at any time during the last three years. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a

class basis challenging Defendant's failure to pay the Class for all hours worked and overtime wages.

27. Plaintiff brings Count I (FLSA) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practices of failing to pay Plaintiff and others similarly situated for all hours worked, including overtime hours. The class for the FLSA claims is defined as:

> All current and former hourly non-exempt employees of Defendant who were not paid for all hours worked, including overtime hours.

28. Pursuant to 29 U.S.C. § 216(b), FLSA claims may be pursued by those who opt-in to this case.

29. Plaintiff, bring Count I, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to accurately record hours worked by the Plaintiff and by other similarly situated employees and Defendant's practice of failing to pay Plaintiff and other similarly situated employees for all hours worked at a proper, legal rate, including minimum wage and/or overtime compensation. The number and identity of other plaintiffs yet to opt-in and consent to be party-plaintiffs may be determined from the records of Defendant, and potential party-plaintiffs may easily and quickly be notified of the pendency of this action.

30. Plaintiff brings Count II (unjust enrichment), , *et seq*.), Count III (violation of RSMo. §290.500, *et seq*., Count IV (Quantum Meruit), and Count V (Breach of Contract), as class actions pursuant to Rule 23 of the Federal Rules of Civil

Procedure against Defendant. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendant's practice of requiring unrecorded and unpaid work and failing to pay Plaintiff and other similarly situated employees for overtime hours worked. The Rule 23 classes are each defined as:

> All current and former hourly non-exempt employees who were employed by the Defendant during the past five years and who performed work without proper compensation.

31. Plaintiff brings Count III (Mo. Rev. Sta. § 290.500, *et. seq.*), as class actions pursuant to Rule 23 of the Federal Rules of Civil Procedure against Defendant. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendant's practice of requiring unpaid work and failing to pay Plaintiff and other similarly situated employees for overtime hours worked. The Rule 23 classes are each defined as:

32. Plaintiff's state law claims against Defendant satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

> All current and former hourly non-exempt employees who were employed by the Defendant during the past five years and who performed work without proper compensation.

33. The Rule 23 classes satisfy the numerosity standards on the good faith belief that each class will number over one-hundred. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail.

34. There are questions of fact and law common to the classes, between classes and within each class, which predominate over any questions affecting individual

members. The questions of law and fact common to the classes arising from Defendant's actions include, without limitation, the following:

a. Whether class members were compensated for time spent performing work-related tasks;

b. Whether Defendant's compensation policies and practices properly (if at all) account for the time class members were actually working;

c. Whether Defendant knew or had reason to know such policies and compensation practices were unlawful, and

d. Whether Defendant retained a benefit from such unlawful policies and compensation practices.

35. The aforementioned common questions predominate over any questions affecting individual persons, and a class action is proper as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

36. The claims of Plaintiff are typical of those of each Class in that class members have been employed paid pursuant to the same compensation structure as the Plaintiff acting as putative Class Representative and were subject to the same or similar unlawful practices as the Plaintiff acting as putative Class Representative.

37. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the classes. The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

38. The Plaintiff, acting as putative Class Representative, is an adequate representative of the classes because his interests do not conflict with the interests of the members of the classes he seeks to represent. The interests of the members of the classes will be fairly and adequately protected by the Plaintiff acting as Class Representative and his undersigned counsel, who has experience in employment and class action lawsuits.

39. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

## **COUNT I – FLSA CLAIM**

40. Plaintiff incorporates the foregoing paragraphs 1 through and including 40 as if fully set forth herein.

41. Plaintiff was employed by the Defendant in Kansas City, Missouri.

42. Plaintiff worked without the proper compensation. For example, the week of September 19, 2016, Plaintiff worked, and recorded 43 hours. Yet Plaintiff was only compensated for 28.5 hours.

43. Plaintiff was not properly compensated for this work at the applicable rate of pay.

44. Plaintiff was treated as non-exempt employee by the Defendant under the FLSA.

45. Like the Plaintiff, the Defendant employs/employed other who are/were required

to perform work without full compensation, and were treated as non-exempt employees under the FLSA. All such employees are hereby referred to as "similarly situated" employees, or "putative class members."

46. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

47. All similarly situated employees are similarly situated in that they are all subject to Defendant's same compensation policies and plan that requires these employees to perform work without compensation. In turn, this denies similarly situated facility employees their minimum wage and/or overtime compensation.

48. Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. §216(b) of the FLSA, on behalf of all persons who were, are, or will be employed by the Defendant as similarly situated employees within three years from the commencement of this action who have not been compensated for their time, who have not been compensated at the proper minimum wage and/or one and one-half times the regular rate of pay for all services performed in excess of forty hours per week.

49. This Complaint is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) of the FLSA for all claims asserted by the Plaintiff because his claims are similar to the claims of the putative class members .

50. The names and addresses of the putative class members are available from Defendant. To the extent required by law, notice will be provided to said

individuals via First Class Mail and/or by the use of techniques (including and a form of notice) similar to those customarily used in representative and collective actions.

51. The Defendant failed to compensate Plaintiff and the putative class members at a the minimum wage, and/or a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§201, *et seq.,* including 29 U.S.C. §207(a)(1).

52. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

53. The Plaintiff, on behalf of himself and all similarly situated employees of Defendant who compose the putative class, seeks damages in the amount of all respective unpaid minimum wages, and/or unpaid straight time plus overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

54. The Plaintiff, on behalf of himself and all similarly situated employees of Defendant who compose putative class , seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff, on behalf of himself and all proposed class members, prays for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed putative class members and prompt Issuance of notice pursuant to 29 U.S.C. §216(b) to all putative class members (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Join pursuant to U.S.C. §216(b);

b. Designation of Plaintiff Chesscher as Representative Plaintiff, acting for and on behalf of the putative class members;

c. An award of damages for heretofore unpaid straight and overtime compensation due for the Plaintiff and the putative representative action Plaintiff;

d. Liquidated damages, to be paid by Defendant; or

e. Pre-Judgment and Post-Judgment interest, as provided by law; and

f. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

g. Any and all such other and further relief as this Court deems necessary, just and proper.

## COUNT II – UNJUST ENRICHMENT

55. Plaintiff realleges and incorporates by reference each and every allegation and averment set forth in paragraphs 1 through and including 59 of this Complaint as though fully set forth herein.

56. Defendant has been and is being enriched by making deficient payments for work performed by Plaintiff and other similarly situated employees. Defendant has

been and is being enriched at the expense of Plaintiff and other similarly situated employees because Plaintiff and others were not properly compensated for their work.

57. Defendant intentionally refused to pay Plaintiff and other similarly situated employees at the proper rate for all hours worked and for time worked in excess of forty hours per week. Defendant knows or should know the proper rate of pay for Plaintiff and other similarly situated employees. Such wrongful conduct demonstrates bad faith on the part of Defendant.

58. It is unjust for Defendant to retain the benefits from the unpaid work performed by Plaintiff and other similarly situated employees.

**WHEREFORE**, Plaintiff, individually and on behalf of the class of individuals whom he represents, prays for judgment against Defendant on Count II of the Complaint; for an award of compensatory damages; pre-judgment and post-judgment interest as provided by law; and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

### COUNT III - FAILURE TO PAY EARNED WAGES AND OVERTIME
**(Mo. Rev. Stat. § 290.500, *et seq*.)**

59. Plaintiff realleges and incorporates by reference each and every averment of this Complaint as though fully set forth therein.

60. At all times material herein, Plaintiff and other similarly situated employees has been entitled to the rights, protections, and benefits provided under the Mo. Rev. Stat. § 290.500, *et seq.*

61. Mo. Rev. Stat. § 290.502 regulates the payment of minimum wages and Mo. Rev. Stat. § 290.505 regulates the payment of overtime compensation by Missouri

employers.

62. Defendant is subject to the minimum wage requirements of Mo. Rev. Stat. § 290.502 and the overtime pay requirements of Mo. Rev. Stat. § 290.505 because it is an employer in the state of Missouri under Mo. Rev. Stat. § 290.500(4) and Plaintiff and other similarly situated employees of Defendant are employees under Mo. Rev. Stat. § 290.500(3).

63. Defendant violated Mo. Rev. Stat. §§ 290.502 and 290.505 by failing to properly pay employees for all hours worked and failing to pay employees for overtime. In the course of perpetrating these unlawful practices, Defendant willfully failed to keep accurate records of all hours worked by employees as required by Mo. Rev. Stat. § 290.520.

64. Plaintiff and all similarly situated employees are victims of an unlawful entity-wide compensation policy. Defendant continues to apply and enforce this policy and thereby continues to violate Mo. Rev. Stat. §§ 290.502 and 290.505.

65. Plaintiff and all similarly situated employees are entitled to damages equal to amount of unpaid wages for the unrecorded and unpaid time-worked and for overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard for the matter of whether its conduct was prohibited.

66. Defendant acted in bad faith and without reasonable grounds to believe its actions and omissions were compliant with Mo. Rev. Stat. §§ 290.502 and 290.505. As a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages, pursuant to Mo. Rev. Stat. § 290.505.

67. As a result of these willful violations of the wage and overtime provisions under Mo. Rev. Stat. § 290.505, wages and overtime compensation have been unlawfully withheld by Defendant from Plaintiff and other similarly situated employees for which Defendant is liable pursuant to Mo. Rev. Stat. §§ 290.505; 290.527, together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

**WHEREFORE**, Plaintiff, and all similarly situated employees, demand judgment against Defendant and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Mo. Rev. Stat. § 290.527; (4) for prejudgment and post-judgment interest as provided by law; and (5) for such other relief the Court deems fair and equitable.

## COUNT IV – QUANTUM MERUIT

68. Plaintiff realleges and incorporates by reference each and every allegation and averment set forth in paragraphs 1 through and including 68 of this Complaint as though fully set forth herein.

69. At Defendant's request, Plaintiff and other similarly situated employees provided services in the form of work for Defendant. These services had reasonable value and were performed at an hourly rate.

70. Plaintiff and other similarly situated employees regularly worked off the clock, both before and after their recorded eight-hour shifts, without being compensated for this time.

71. Defendant failed to compensate Plaintiff and other similarly situated employees the reasonable value of these services performed on Defendant's behalf.

WHEREFORE, Plaintiff, individually and on behalf of the class of individuals whom he represents, prays for judgment against Defendant on Count IV of the Complaint; for an award of compensatory damages and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

## COUNT V – BREACH OF CONTRACT

72. Plaintiff realleges and incorporates by reference each and every allegation and averment set forth in paragraphs 1 through and including 72 of this Complaint as though fully set forth herein.

73. A collective bargaining agreement existed between the Plaintiff and Defendant and a similar employment agreement existed between each similarly situated employee and Defendant, the terms and conditions of which included a requirement for employees to perform services for Defendant and an agreement by Defendant to pay Plaintiff and other similarly situated employees at an agreed hourly rate for all work performed.

74. The agreements were made between parties capable of contracting and contained mutual obligations and valid consideration. Plaintiff and other similarly situated employees have performed all conditions precedent, if any, required of Plaintiff and other similarly situated employees under their employment agreements.

75. Defendant failed and refused to perform its obligations in accordance with the terms and conditions of its employment agreements by failing to compensate Plaintiff and other similarly situated employees for all time worked on behalf of Defendant.

76. Plaintiff and other similarly situated employees were thereby damaged in an amount to be determined at trial.

**WHEREFORE**, Plaintiff, individually and on behalf of the class of individuals whom he represents, prays for judgment against Defendant on Count V of the Complaint; for an award of compensatory damages; pre-judgment and post-judgment interest as provided by law; and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

**WHEREFORE**, Plaintiff, individually and on behalf of the class of individuals whom he represents, prays for judgment against Defendant on Count VI of the Complaint; for an award of damages; related penalties as provided by law; and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

**THE HODGSON LAW FIRM, L.L.C.**

*/s/ Michael Hodgson*_____
Michael Hodgson     MO Bar No. 63677
mike@thehodgsonlawfirm.com
3609 SW Pryor Rd.
Lee's Summit, MO 64082
Tel: (816) 600-0117
E-mail: mike@thehodgsonlawfirm.com
Website: www.thehodgsonlawfirm.com

and

**HKM EMPLOYMENT ATTORNEYS LLP**

*/s/ John J. Ziegelmeyer III*_____
John J. Ziegelmeyer III     MO No. 59042
1501 Westport Road
Kansas City, Missouri 64111
Tel: 816.875.3332
jziegelmeyer@hkm.com
www.hkm.com


**ATTORNEYS FOR PLAINTIFF**